UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

October 10, 2018

LETTER TO COUNSEL:

RE: *Christian Lopez v. Nancy A. Berryhill, Acting Commissioner of Social Security*[1]
Civil No. TJS-17-2315

Dear Counsel:

On August 14, 2017, Plaintiff Christian Lopez ("Mr. Lopez") petitioned this Court to review the Social Security Administration's final decision to deny his claims for disability insurance benefits ("DIB"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 12 & 13.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[2] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Acting Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

In his application for DIB, Mr. Lopez alleged a disability onset date of January 31, 2013. (Tr. 202.) His application was denied initially and on reconsideration. (Tr. 177-80, 186-87.) A hearing was held before an Administrative Law Judge ("ALJ") on July 14, 2016 (Tr. 70-115), and the ALJ found that Mr. Lopez was not disabled under the Social Security Act (Tr. 55-65). The Appeals Council denied Mr. Lopez's request for review (Tr. 1-6), making the ALJ's decision the final, reviewable decision of the agency.

The ALJ evaluated Mr. Lopez's claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Mr. Lopez was not engaged in substantial gainful activity, and had not been engaged in substantial gainful activity since January 31, 2013. (Tr. 57.) At step two, the ALJ found that Mr. Lopez suffered from the following severe impairments: opioid dependence, alcohol dependence, post-traumatic stress disorder, Generalized Anxiety Disorder (GAD), panic disorder, and major depression. (*Id.*)

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

[2] This case was originally assigned to Magistrate Judge Stephanie A. Gallagher. On July 10, 2018, the case was reassigned to me.

At step three, the ALJ found that Mr. Lopez's impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). (Tr. 20.) The ALJ determined that Mr. Lopez retained the residual functional capacity ("RFC"):

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: he is limited to performing simple, routine tasks. He can frequently have contact with supervisors, co-workers, and the public. He would be exposed to occasional changes in the routine work setting. Any time off-task can be accommodated by normal breaks.

(TR. 59.)

At step four, relying on the testimony of a vocational expert, the ALJ determined that Mr. Lopez was unable to perform past relevant work as salesperson and project manager. (Tr. 63.) At step five, relying on the testimony of a vocational expert, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Mr. Lopez can perform, including industrial cleaner, production helper, and picker/packer. (Tr. 64.) Therefore, the ALJ found that Mr. Lopez was not disabled under the Social Security Act. (Tr. 65-65.)

Mr. Lopez raises two issues in this appeal. First, he argues that the ALJ did not provide a sufficient narrative discussion in connection with the RFC assessment. (ECF No. 12-1 at 3-8.) Second, he argues that the ALJ did not evaluate pertinent evidence about his subjective complaints. (*Id.* at 8-11.) After a careful review of the ALJ's decision and the evidence in the record, I find that the ALJ did not adequately account for Mr. Lopez's limitations in concentration, persistence, and pace in the RFC assessment. Because the ALJ did not properly assess Mr. Lopez's RFC, the findings made by the ALJ in reliance on the RFC cannot be said to be based on substantial evidence. In light of this finding, I decline to address Mr. Lopez's other argument.

Mr. Lopez argues that the ALJ's RFC assessment fails to take into account his limitations in maintaining concentration, persistence, and pace. (*Id.* at 13-19.) In support of this argument, he relies on *Mascio*, 780 F.3d 632. In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* Where an ALJ finds that a claimant has limitations in concentration, persistence, and pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.*

In the decision, the ALJ discussed Mr. Lopez's moderate limitations with regard to concentration, persistence, and pace as part of the step three analysis:

> With regard to concentration, persistence or pace, the claimant has moderate difficulties.

(Tr. 58.) The ALJ acknowledged Mr. Lopez's testimony that he "has difficulty with focus." (*Id.*) The ALJ went on to note that Mr. Lopez has a valid driver's license, operates a vehicle, watches sports television for several hours each day, reads material related to Alcoholics Anonymous, and uses a computer to search for directions. (*Id.*) The ALJ's finding that Mr. Lopez has moderate limitations with regard to concentration, persistence, and pace is supported by substantial evidence. (*See* Tr. 88-89, 100, 152-59, 167-69, 171, 250, 269, 724.)

However, the ALJ's RFC assessment does not account for these moderate limitations. The RFC assessment limits Mr. Lopez to performing work involving "simple, routine tasks." (Tr. 59.) Limiting Mr. Lopez to work that involves only "simple, routine tasks" does not account for his moderate difficulties in concentration, persistence, and pace. *See Mascio*, 780 F.3d at 638. Mr. Lopez might be able to perform simple, routine tasks for a short period of time but unable to sustain his performance for a full workday and workweek. In addition, the ALJ's finding that "[a]ny time off-task can be accommodated by normal breaks" (Tr. 59) does not adequately account for Mr. Lopez's ability to concentrate and stay on task. *See Ludlow v. Comm'r, Soc. Sec. Admin.*, No. SAG-15-3044, 2016 WL 4466790, at *2 (D. Md. Aug. 23, 2016) (noting that "the restriction to working in 2-hour intervals does not adequately account for a moderate limitation in the ability to stay on task, absent further explanation) (citing SSR 96-9p). The ALJ provided no explanation for why normal breaks would sufficiently address Mr. Lopez's concentration and persistence limitations. Furthermore, the ALJ did not address how Mr. Lopez's pace limitations impact his ability to work.

The Commissioner argues that this case is distinguishable from *Mascio* because the ALJ "did not merely limit Plaintiff to simple, routine tasks," as the ALJ "specifically noted that time off task would be accommodated by normal breaks" and "gave a detailed description of the kinds of instructions and decisions that Plaintiff could handle given his mental limitations." (ECF No. 13-1 at 10.) Neither of these statements by the ALJ sufficiently address Mr. Lopez's moderate difficulties in concentration, persistence, and pace. The Commissioner cites two cases from this Court where other judges have found that "even a limitation to just 'simple, routine, repetitive work tasks' suffices under *Mascio*" so long as the ALJ provides a clear explanation that additional limitations are not warranted. (*Id.*) In *Dean v. Comm'r, Social Sec. Admin*, No. SAG-14-1127, 2015 WL 1431548, *1-2 (D. Md. Mar. 26, 2016), Judge Gallagher held that an "ALJ provided a clear explanation of the reason for assessing a moderate limitation in the first place, and then a clear explanation of why, despite that moderate limitation, the claimant would not have issues persisting in a given task." *Claiborne v. Comm'r, Soc. Sec. Admin.*, No. SAG-14-1918, 2015 WL 2062184, at *3 (D. Md. May 1, 2015) (distinguishing *Dean*). But the Court's analysis in *Dean* is distinguishable from this case for the same reasons that it was in *Claiborne*. *See also Miles v. Comm'r*, No. SAG-16-1397, 2016 WL 6901985, at *2 (D. Md. Nov. 23, 2016) (finding that because there was no "corresponding restriction for the finding of moderate difficulties in concentration, persistence, or pace, such that it addresses [the claimant's] ability to sustain work throughout an eight-hour workday," the Court was "unable to ascertain from the ALJ's decision the reason for the finding of moderate, as opposed to mild or no, limitation in the area of concentration, persistence, or pace.")

Based on this record, the Court is unable to find that the RFC determination by the ALJ

3

represents an accurate characterization of Mr. Lopez's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. The ALJ's decision is insufficient to permit adequate review. Without additional explanation by the ALJ, the Court is unable to review the ALJ's findings to determine whether they are supported by substantial evidence and without legal error.

In light of the Fourth Circuit's clear guidance in *Mascio*, this case must be remanded so that the ALJ can explain how Mr. Lopez's limitations in the areas of concentration, persistence, and pace can be incorporated into the RFC assessment, or why no additional limitation is necessary to account for these difficulties. *See Miles v. Comm'r*, No. SAG-16-1397, 2016 WL 6901985, at *2 (D. Md. Nov. 23, 2016) (finding that because there was no "corresponding restriction for the finding of moderate difficulties in concentration, persistence, or pace, such that it addresses [the claimant's] ability to sustain work throughout an eight-hour workday," the Court was "unable to ascertain from the ALJ's decision the reason for the finding of moderate, as opposed to mild or no, limitation in the area of concentration, persistence, or pace."); *see also Folsom v. Berryhill*, No. TMD-16-1681, 2017 WL 4354875, at *3 (D. Md. Sept. 30, 2017) (finding that an ALJ's failure to explain how a claimant's concentration could persist through an eight-hour workday required remand because such an error "precludes meaningful review"); *Thomas v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-1229, 2017 WL 1193990, at *2 (D. Md. Mar. 29, 2017) (declining to consider whether an error might be harmless where an ALJ's "RFC analysis did not specifically address [a claimant's] ability to sustain concentration" despite findings that he had "moderate limitations in sustained concentration and persistence"). On remand, the ALJ should either account for Mr. Lopez's moderate limitations in concentration, persistence, and pace, or explain why they do not "translate into [such] a limitation." *Mascio*, 780 F.3d at 638. The Court makes no finding as to the merits of the ALJ's ultimate conclusion that Mr. Lopez is not disabled.

For the reasons set forth herein, both parties' motions for summary judgment (ECF Nos. 12 & 13) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Acting Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge